UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Laura Kohrs, | Case No. 2:24-cv-02244-JAD-NJK |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion to Remand and Vacating Motion Hearing** |
| Smith's Food & Drug Centers, Inc., | |
| Defendant | ECF No. 5 |

Defendant Smith's Food & Drug Centers, Inc. removed this trip-and-fall case to federal court 104 days after service of the state-court complaint.[1] Plaintiff Laura Kohrs moves to remand, arguing that the removal was untimely because it exceeded the statutory 30-day removal period in 28 U.S.C. § 1446.[2] But that 30-day period is triggered by either a complaint that reveals the case value or later receipt of another "paper" from which removability can be ascertained. Kohrs's complaint did not put Smith's on notice that the amount in controversy exceeded the federal-jurisdiction threshold, and the first paper that did was Kohrs's request for exemption from arbitration, which Smith's received exactly 30 days before removal.[3] So I find that Smith's removal was timely, and I deny the motion to remand and vacate the hearing on it.[4]

**Discussion**

The 30-day window for removal of a state-court action to federal court under 28 U.S.C. § 1446 is triggered by two things and only two categories of things: (1) receipt of a complaint

---

[1] ECF No. 1.
[2] ECF No. 5.
[3] ECF No. 1-1 at 23.
[4] I find that this motion is suitable for disposition without oral argument under Local Rule 78-1.

that states a case that is removable, and (2) receipt of a motion, order, or other paper from which it may first be ascertained that the case is one that is removable.[5]  The first category was not triggered here because the complaint did not put the defendant on notice that the case value exceeds $75,000.  In the complaint, the plaintiff alleges that she fell into potholes in a Smith's grocery store parking lot and "sustained serious injuries to her body," resulting in damages "in an amount in excess of fifteen thousand dollars . . . ."[6]  Her descriptions of those damages are boilerplate and unhelpful in calculating the true amount in controversy.  So the complaint itself cannot have opened the first 30-day removal period.

   Smith's explains as much in its opposition and establishes that what opened the 30-day removal window here was the plaintiff's filing of a request for exemption from arbitration on November 5, 2024, alleging that her medical expenses are nearly $300,000.[7]  This exemption request, they explain, was the first "other paper" from which Smith's could glean that the plaintiff was alleging an amount in controversy triggering federal jurisdiction.[8]

   So the plaintiff in her reply brief argues that the window was essentially already opened when the complaint was served due to pre-suit knowledge that this case exceeds the jurisdictional threshold.  As evidence of this knowledge, she describes two phone calls with claims administrators in which it was disclosed that her "medical specials exceed[ed] $292,000."[9]  But the removal window is opened not by mere knowledge that the case value exceeds $75,000; that fact must be shown in the initial pleading or in a post-case-inception

---

[5] 28 U.S.C. § 1446.
[6] ECF No. 1-1 at ¶¶ 11, 29–32.
[7] ECF No. 9 at 6 (citing ECF No. 1-1 at 24).
[8] *Id*.
[9] ECF No. 10 at 3.

paper. The Ninth Circuit made this point clear in *Carvalho v. Equifax Information Services LLC*.[10] In that case, the plaintiff argued that by the time the defendant received her complaint, it should have been aware that the case was removable based on pre-suit negotiations and her demand package. But the Ninth Circuit found that "[b]ecause the face of the initial pleading—Carvalho's superior court complaint—lacked any indication of the amount in controversy, it did not trigger this first thirty-day removal period."[11] The Court went on to explain that "[i]t is axiomatic that a case cannot be removed before its inception" and that "any document received prior to the receipt of the initial pleading cannot trigger the second thirty-day removal period."[12] The court also "reject[ed] Carvalho's suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods."[13] The court has adopted this "bright-line approach" to removability "to avoid the spectre of inevitable collateral litigation over whether [a] defendant had subjective knowledge" of a case's value.[14] In short, the *Carvalho* decision defeats the plaintiff's remand theory and requires the denial of her motion.

IT IS THEREFORE ORDERED that the motion to remand **[ECF No. 5] is DENIED, and the hearing scheduled for Tuesday, January 14, 2025, at 1:30 p.m. is VACATED**.

_____
U.S. District Judge Jennifer A. Dorsey
January 10, 2025

---

[10] *Carvalho v. Equifax Information Services LLC*, 629 F.3d 876 (9th Cir. 2010).
[11] *Id.* at 885.
[12] *Id.*
[13] *Id.* at 886.
[14] *Id.* (cleaned up and citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).