UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAURA KOHRS,<br>    Plaintiff,<br>v.<br>SMITH'S FOOD & DRUG CENTERS, INC.,<br>    Defendant. | Case No. 2:24-cv-02244-JAD-NJK<br>**Order**<br>[Docket No. 27] |

Pending before the Court is Plaintiff's motion to compel. Docket No. 27. Defendant filed a response. Docket No. 31. Plaintiff filed a reply. Docket No. 32. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.  BACKGROUND**

Plaintiff's suit alleges that she fell as a result of a negligently maintained pothole in the parking lot of Defendant's store on June 5, 2023, and suffered injuries as a result. *See* Docket No. 21-1. The instant dispute pertains to discovery responses and additional depositions requested by Plaintiff.

**II.  STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

### III. ANALYSIS

#### A. Meet-and-Confer Requirement

The instant motion suffers from several threshold flaws. First, the motion includes a declaration outlining the meet-and-confer conferences conducted by the parties. *See* Docket No. 27 at 2-6. However, courts may look beyond this declaration to determine whether a sufficient meet-and-confer actually took place. *See Reno v. W. CAB Co.*, No. 2:18-CV-00840-APG-NJK,

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

2019 WL 8061214, at *1 (D. Nev. Sept. 23, 2019) (citing *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015)). Notwithstanding Plaintiffs' declaration, a sufficient meet-and-confer has not taken place.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer ... before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically

convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[2]

In this case, the sheer volume of disputes is a red flag that sufficiently meaningful conferral efforts did not take place. *See Reno v. W. CAB Co.*, No. 218CV00840APGNJK, 2019 WL 8061214, at *2 (D. Nev. Sept. 23, 2019) (citing *King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, at *1 (C.D. Cal. Apr. 28, 2010)). Plaintiff submits that there are disputes regarding sixteen requests for production, three interrogatories, and two continued depositions. *See* Docket No. 32 at 5. The parties must engage in a comprehensive meet-and-confer in which they "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as [is expected] during the briefing of discovery motions." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).

**B. Requirement to Develop Arguments**

The motion also seeks rulings on numerous disputes without presenting meaningfully developed argument on each issue. Courts do not address arguments that are presented without sufficiently developed argument. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Discovery motions are not exempt from this requirement; simply reciting discovery requests and objections is insufficient to enable judicial resolution. *See, e.g., On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018). The instant motion does not include citations to a single case regarding numerous discovery disputes. *See* Docket No. 27 at 11-14, 17, 19-22. The response brief is similarly deficient. *See* Docket No. 31 at 19-20, 22. Additionally, both parties provide citations to case law which is not on-point, and fail to meaningfully develop their arguments with appropriate points and authorities.[3]

---

[2] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[3] For example, Plaintiff cites *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) for the proposition that this Court has authority to address bad-faith litigation conduct. *See* Docket No. 27 at 18. However, Plaintiff's instant request is for the Court to compel discovery responses, not to sanction Defendant's conduct. Additionally, Defendant cites one sentence in a minute order from *Long v. Smith's Food & Drug Centers, Inc.*, No. 2:24-cv-01711-GMN-MDC (D. Nev. May 30, 2025), which discusses a discovery issue not presented in the instant motion. *See* Docket No. 31 at 21.

4

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's motion to compel is **DENIED** without prejudice. Docket No. 27. The parties must reengage in conferral efforts that are in-person, by video, or by telephone, no later than October 22, 2025. This discussion must be fulsome and must be conducted in the spirit of cooperation that is required. The vast majority of discovery disputes should be resolved through cooperative dialogue. In the unlikely event that compromise cannot be reached, any renewed motion practice on these discovery disputes must be brought no later than October 29, 2025. Any renewed briefing—by both parties—must also be structured so that meaningful discussion supported by legal authority is presented as to each argument being presented for resolution. Failure to comply with the Court's order may result in sanctions.

IT IS SO ORDERED.

Dated: October 15, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge