# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LAURA KOHRS,

     Plaintiff,

v.

SMITH'S FOOD & DRUG CENTERS, INC.,

     Defendant.

Case No. 2:24-cv-02244-JAD-NJK

**Order**

[Docket No. 39]

Pending before the Court is Plaintiff's motion to compel. Docket No. 39. Defendant filed a response. Docket No. 40. Plaintiff filed a reply. Docket No. 42. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

## I.    BACKGROUND

Plaintiff's suit alleges that she fell as a result of a negligently maintained pothole in the parking lot of Defendant's store on June 5, 2023, and suffered injuries as a result. *See* Docket No. 1-1 (complaint).

On October 15, 2025, the Court denied Plaintiff's initial motion to compel without prejudice and ordered the parties to reengage in conferral efforts to resolve their discovery disputes. Docket No. 36 at 5. Further, the Court ordered that any renewed motion practice on these disputes must be brought by October 29, 2025, and any renewed briefing must be supported by legal authority as to each argument being presented for resolution. *Id.* The parties conducted a meet-and-confer on October 21, 2025, during which they resolved the majority of their disputes. *See* Docket No. 39 at 1-7. Plaintiff moves the Court to compel Defendant to provide responses to requests for production nos. 17, 40, and 41, as well as interrogatories nos. 11 and 12.

## II.    STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute

without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

### III.   ANALYSIS

Plaintiff moves the Court to compel Defendant to provide responses to requests for production nos. 17, 40, and 41, as well as interrogatories nos. 11 and 12.  Docket No. 39.  The remaining discovery requests present three issues: 1) whether Defendant must produce documents with customer names for five years' worth of prior incidents in the subject parking lot; 2) whether interrogatory no. 11 is properly limited in geographic scope to incidents at Defendant's stores where Defendant owns the parking lot in Clark County, Nevada; and 3) whether Defendant must produce discovery as to previous sanctions for spoliation or destruction of evidence.

#### A.  Request for Production No. 17

Plaintiff seeks documents relating to prior incidents involving potholes or other hazardous conditions in the subject parking lot for five years prior to the incident.  Defendant's supplemental response provided information for incidents that occurred in the subject parking lot for almost three years prior to the incident.  *See* Docket Nos. 39 at 11, 40 at 4-5.  The parties previously disputed the proper temporal scope of this request; however, Defendant agreed to produce five years' worth of prior incidents limited to the subject pothole.  *See* Docket No. 40 at 5.  Defendant contends that any information regarding prior incidents beyond five years as to the subject pothole is not proportional to the needs of the case.  *See id.* at 13.  In her reply, Plaintiff submits that the temporal objections are now moot, but requests that the Court compel Defendant to produce incident report documents with claimant names, rather than provide summaries.  *See* Docket No. 42 at 3-4.

First, while the dispute over the temporal scope is now moot, there appears to remain a dispute over whether these prior incidents are limited to the subject pothole or the subject parking lot. Defendant submits that this discovery request should be limited to the subject pothole because it is the specific location and instrumentality that allegedly caused Plaintiff's fall.  *See* Docket No. 40 at 13.  In her reply, Plaintiff appears to gloss over Defendant's insistence that the five-year limitation apply only to the subject pothole, rather than the entire subject parking lot.  *See* Docket No. 42 at 3.  Given the circumstances here, the Court finds that five years' worth of prior incidents limited to the subject pothole is reasonable and proportional to the needs of the case.

Second, Plaintiff requests that the Court compel Defendant to produce incident report documents with claimant names, rather than provide summaries. *See id.* at 4; *see also* Docket No. 39 at 14-15. Plaintiff contends that request for production no. 17 is a request for documents and thus requires Defendant to provide incident reports rather than brief descriptions of prior incidents. *See* Docket No. 42 at 4. In its response, Defendant fails to address this issue with meaningfully developed argument, beyond asserting that any additional discovery greater than that already produced is overly burdensome. *See* Docket No. 40. Under Federal Rule of Civil Procedure 34(a)(1), a party must produce or permit the inspection of documents responsive to a request for production of documents when such documents are in the "party's possession, custody, or control." Although Defendant previously produced summaries of prior incidents in the subject parking lot for almost three years prior to the alleged incident, Defendant failed to produce the documents relating to these incidents. *See* Docket No. 40 at 3-4.

Therefore, the motion to compel is **GRANTED in part** as to request for production no. 17. Docket No. 39. Defendant is **ORDERED** to produce all documents relating to the previously disclosed prior incidents in Defendant's supplemental response to request for production no. 17 and any prior incidents concerning the subject pothole for five years prior to the subject incident.

**B. Interrogatory No. 11**

Plaintiff originally requested information identifying similar incidents involving parking lot injuries at any of Defendant's stores in Nevada within ten years preceding the subject incident to the present. *See* Docket No. 39 at 9. Plaintiff has since limited this request to five years preceding the subject incident at Defendant's stores in Clark County, Nevada, where Defendant owns the parking lot. *See* Docket No. 39 at 15. Defendant submits that it is willing to produce five years' worth of prior incident information limited to the subject pothole at the subject location, but that Plaintiff's limited request is still too far outside the scope of discovery. *See* Docket No. 40 at 9.

This Court has held that, "[e]vidence concerning prior slip-and-fall incidents is generally relevant to establish notice." *Daccache v. Sprouts Farmers Mkt.*, No. 2:24-CV-00423-GMN-NJK, 2024 WL 5109385, at *3 (D. Nev. Dec. 11, 2024) (citing *Shakespear v. Wal-Mart Stores, Inc.,*

4

*LLC*, No. 2:12-CV-01064-MMD-PAL, 2012 WL 13055159, at *5 (D. Nev. Nov. 5, 2012)).  In *Daccache*, the Court compelled the production of prior slip-and-fall incidents at the defendant's grocery stores within Clark County during the five years prior to the subject incident. *Daccache*, 2024 WL 5109385, at *3 (D. Nev. Dec. 11, 2024).  This included all incidents involving the store's shopping cart area generally, even though the incident at issue occurred during a rare rainy day. *See id.*

Although the subject incident is not a slip-and-fall, *Daccache* is applicable here because Defendant's notice of prior incidents at other stores is relevant to establishing notice of the alleged parking lot hazard in this case. *See id.* (citing *Chu v. Smith's Food & Drug Cntrs., Inc.*, 2021 WL 2667683, at *2 (D. Nev. Feb. 25, 2021)) ("testimony being sought regarding prior incidents is 'probative of whether [Plaintiff's] fall was caused by a temporary condition as Defendant claims or a recurring problem that Defendant had a duty to address.'").  Further, even though the prior parking lot incidents at the subject store did not involve a pothole, the broader inquiry into parking lot hazards remains relevant to the issue of notice.  *See Shakespear v. Wal-Mart Stores, Inc., LLC*, No. 2:12-CV-01064-MMD-PAL, 2012 WL 13055159, at *6 (D. Nev. Nov. 5, 2012) ("evidence regarding prior slip-and-falls is relevant to how Wal-Mart maintained the store and whether it knew or should have known about the alleged foreign substance that caused Plaintiff's fall, and whether it took appropriate measures to protect its customers.").

As to the proportionality analysis, a restricted timeframe of two years and a geographic scope of Defendant's stores in Clark County, Nevada, where Defendant owns the parking lot is appropriate given the factors outlined in Rule 26(b)(1) and the circumstances of this case.  *See Daccache*, 2024 WL 5109385, at *3 (D. Nev. Dec. 11, 2024); *see also Carreon v. Smith's Food & Drug Stores*, No. 2:18-CV-01933-APG-NJK, 2019 WL 13210889, at *3 (D. Nev. Feb. 26, 2019) (ordering the production of any slip-and-fall incident reports in defendant's stores in Clark County for two years prior to the subject incident); *see also Schroeder v. Smiths Food & Drug Centers, Inc.*, No. 2:12-CV-02024-LRH, 2013 WL 5493153, at *3 (D. Nev. Oct. 2, 2013) (ordering the production of information about slip and falls that occurred on wet polished concrete outside of defendant's stores in Las Vegas during the three years prior to the subject incident).  Although

5

parking lots may vary across Defendant's stores, information about parking lot incidents at other stores "would tend to suggest that Defendant either was aware or should have been aware" that its failure to maintain the parking lot was creating unsafe conditions in front of its stores, or that these unsafe conditions were "reasonably foreseeably in light of how often [they] had occurred in the past." *Schroeder*, 2013 WL 5493153, at *3.

Accordingly, the motion to compel is **GRANTED in part** and **DENIED in part** as to interrogatory no. 11. Docket No. 39. Defendant is **ORDERED** to provide responsive information limited to a timeframe of two years preceding the incident and a geographic scope of Defendant's stores in Clark County, Nevada, where Defendant owns the parking lot.

**C. Discovery Related to Prior Instances of Defendant's Receiving Discovery Sanctions**

Through requests for production nos. 40 and 41 and interrogatory no. 12, Plaintiff seeks discovery into whether Defendant has previously been sanctioned for spoliation or destruction of evidence in cases involving personal injury claims in Nevada. Plaintiff submits that this discovery is relevant because Defendant disclosed surveillance footage of the subject incident in which the screen "goes black and the clock for the camera continues to run, including the exact moment when Plaintiff falls and stands back up." Docket No. 39 at 18. Plaintiff contends that the screen going black when Plaintiff's fall occurs provides reason to suspect spoliation. *See id.* Further, Plaintiff asserts that this discovery is proportional because: 1) it goes to the issue of whether Defendant willfully destroyed evidence; 2) the amount at issue is over $2 million; 3) Defendant has direct access to its prior cases and would be aware of these instances; 4) Defendant is a large company with a lot of resources while Plaintiff is represented by a relatively small firm; 5) this discovery is relevant to Plaintiff's negligence and punitive damages claims; and 6) Defendant has not shown a demonstrable burden in searching for this discovery. *See id.* at 19-20. Additionally, Plaintiff submits that she "is aware that the requests as phrased may be too broad in temporal scope, and is amenable to limiting the temporal scope of the requests." *See id.* at 20.

Defendant submits that information from the entirety of Nevada does not provide insight into spoliation in this case, which involves a single store. *See* Docket No. 40 at 14. Further,

Defendant contends that its counsel does not possess a database of spoliation allegations or determinations; therefore, any information that it would be able to gather would be derived from the same source as Plaintiff. *See id.* Additionally, Defendant asserts that the surveillance footage contains other portions of blacked-out video, not just the instant where Plaintiff falls. *See id.*

In her reply, Plaintiff contends that Defendant's designated witness testified that "she had never seen this blackout effect before despite reviewing surveillance footage as part of her role." Docket No. 42 at 8. Further, Plaintiff submits that the footage provided from all other cameras does not include "blacked out" moments. *See id.* at 9.

Defendant has the better argument. First, as Plaintiff admits, these requests are too broad. *See* Docket No. 39 at 20. Requests for production nos. 40 and 41 have no temporal limit and the geographical scope is the entire state of Nevada. Interrogatory no. 12 is temporally limited to ten years preceding the subject incident through present, yet does not provide any geographical scope. The Court declines to rule on the temporal and geographic limitations offered in Plaintiff's reply— which have not been fully briefed by the parties. *See* Docket No. 42 at 11. "It is Plaintiff's responsibility to seek discovery that is appropriately tailored; the Court will not endeavor to redraft overbroad discovery to discern the outermost border of discoverable information for Plaintiff." *D.S. v. Clark Cnty. Sch. Dist.*, No. 2:22-CV-00246-JCM-NJK, 2023 WL 3584256, at \*2 (D. Nev. May 22, 2023).

Second, Plaintiff seeks to compel Defendant to produce previous Court orders in which it was sanctioned for spoliation in an effort to create a record from which she can argue spoliation or establish a discovery violation by Defendant. *See* Docket No. 39 at 18. But "[d]iscovery into another party's discovery process is disfavored," and such requests are closely scrutinized. *PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 437 (D. Nev. 2023) (first quoting *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019); then citing *Ashcraft v. Experian Info. Sols., Inc.*, No. 2:16-cv-02978-JAD-NJK, 2018 WL 6171772, at \*2 n.2 (D. Nev. Nov. 26, 2018)). Plaintiff submits that this discovery is relevant to her negligence and punitive damages claims; however, those claims are specific to Defendant's inspection and maintenance of the subject parking lot and not the surveillance camera system. Plaintiff's assertions regarding the relevance of prior

sanctions are too far attenuated from the claims at bar, especially where Plaintiff has not demonstrated that spoliation occurred in this case.

Third, given that the discovery sought is previous Court orders, the proportionality analysis skews in favor of Defendant. Both parties are represented by counsel who are capable of conducting legal research; therefore, both parties have relatively equal access to the information sought.

Accordingly, the motion to compel is **DENIED** as to requests for production nos. 40 and 41 and interrogatory no. 12. Docket No. 39.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiff's motion to compel is **GRANTED in part** and **DENIED in part**. Docket No. 39. The ordered discovery must be provided no later than February 4, 2026.

IT IS SO ORDERED.

Dated: January 21, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge