**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA KOHRS, | Case No. 2:24-cv-02244-JAD-NJK |
| Plaintiff, | **Order** |
| v. | [Docket Nos. 46, 47] |
| SMITH'S FOOD & DRUG CENTERS, INC., | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 46. Defendant filed a response. Docket No. 48. Plaintiff filed a reply. Docket No. 49. Also pending before the Court is Defendant's motion for protective order. Docket No. 47. The Court does not require a response or a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

Plaintiff's suit alleges that she fell as a result of a negligently maintained pothole in the parking lot of Defendant's store on June 5, 2023, and suffered injuries as a result. *See* Docket No. 1-1 (complaint).

On January 21, 2026, the Court entered an order granting in part and denying in part Plaintiff's motion to compel. Docket No. 43. The Court ordered Defendant to produce all documents relating to its previously disclosed prior incidents in Defendant's supplemental response to Request for Production No. 17 as well as any prior incidents concerning the subject pothole for five years prior to the subject incident. *Id.* at 3-4. The Court also ordered Defendant to provide responsive information to Interrogatory No. 11, limited to a timeframe of two years preceding the incident and a geographic scope of Defendant's stores in Clark County, Nevada, where Defendant owns the parking lot. *Id.* at 4-6.

The instant motion to compel and motion for protective order arise from a dispute about whether Defendant can redact claimants' personal information from its compelled responses to

Request for Production No. 17 and Interrogatory No. 11.  Plaintiff seeks an order compelling Defendant to produce unredacted claimant names and contact information, awarding fees incurred in briefing this motion, and requiring Defendant to produce the claimants for depositions.  Docket No. 46 at 6.  Defendant seeks a protective order to prohibit Plaintiff from pursuing or obtaining additional discovery regarding prior incidents.  Docket No. 47 at 18.

**II.    STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).  When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a).  The party seeking to avoid discovery bears the burden of showing why it should not be permitted.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1]  *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015).  To be permissible, discovery must be "relevant to any party's claim or defense."  *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purposes of discovery is defined broadly.  *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought."  *Guerrero v. Wharton*, 2017 WL 7314240, at \*2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)).

---

[1] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery."  *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

### III.    ANALYSIS

Plaintiff seeks an order compelling Defendant to produce unredacted claimant names and contact information; awarding fees incurred in briefing this motion; and requiring Defendant to produce the claimants for depositions.  Docket No. 46 at 6.  Defendant seeks a protective order to prohibit Plaintiff from pursuing or obtaining additional discovery regarding prior incidents.  Docket No. 47 at 18.

#### A. Request for Production of Unredacted Claimant Personal Information

Plaintiff seeks to compel Defendant to provide unredacted claimant names and contact information in its responses to Request for Production No. 17 and Interrogatory No. 11.  Docket No. 46 at 15-19.  Plaintiff seeks this information to "evaluate notice, investigate prior substantially similar incidents, and determine whether those individuals possess relevant information regarding the condition of Defendant's parking lots."  *Id.* at 5.  Defendant contends that it redacted claimants' names, addresses, dates of birth, Social Security numbers, phone numbers, and emails from its discovery responses to protect its customers from being contacted about their incident reports.  Docket No. 48 at 15-16.  Both parties fail to provide relevant authority.[2]

After weighing the relevance and proportionality of this request, however, and taking privacy issues into account, the Court finds that Defendant must provide responses with unredacted names of claimants.  All other personal information must remain redacted.  Plaintiff's objective of

---

[2] The bulk of Defendant's authority applies to admission at trial, which is not the issue here.  *See* Docket No. 48 at 15; Docket No. 47 at 14-15.

investigating these incidents by contacting claimants seeks discovery which is not proportional to the needs of this case. *See Guerrero v. Wharton*, 2017 WL 7314240, at *2 ("At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery").

Therefore, the Court grants the motion in part as to the request for production of unredacted claimant information. Docket No. 46. Defendant must remove redactions of claimants' names in its response to Request for Production No. 17 and Interrogatory No. 11. For the same reasons, the Court denies Defendant's motion for protective order. Docket No. 47.

### B. Request for Fees

Plaintiff seeks an award of fees incurred in bringing this motion. Docket No. 46 at 19-20. The Court declines to award Plaintiff fees.

### C. Request for Depositions of Claimants

Plaintiff requests that the Court compel Defendant to make each of the claimants identified in its responses available for an hour-long deposition as a "narrowly tailored Rule 37(b) remedy." Docket No. 46 at 20-21. Defendant contends that it has no control of whether the claimants would appear for a deposition. Docket No. 48 at 18. Plaintiff's reply concedes that Defendant cannot be compelled to produce third-party claimants for depositions, but instead requests that the Court permit Plaintiff an opportunity to pursue discovery once the required information is produced. Docket No. 49 at 9-10.

Aside from Plaintiff's citation to Rule 37(b)(2)(A), which generally provides that the Court "may issue further just orders" for a party's failure to comply with a discovery order, Plaintiff fails to cite any authorities supporting its initial request. *See* Docket No. 46 at 21 (citing Fed. R. Civ. P. 37(b)(2)(A)); *see also* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion"). Plaintiff appears to have conceded this request in her reply; therefore, the Court denies the motion as to the request to compel Defendant to make the claimants available for depositions.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel.  Docket No. 39.  The ordered discovery must be provided no later than April 3, 2026.  The Court **DENIES** Defendant's motion for protective order.  Docket No. 47.

IT IS SO ORDERED.

Dated: March 30, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge